United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20180
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAEEIU ADEYEME ODELAKON, also known as Alliu Yemi Adelakun,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-23-1
--------------------

Before REAVLEY, JOLLY and PRADO, Circuit Judges.

PER CURIAM:[*]

Haeeiu Adeyeme Odelakon, also known as Alliu Yemi Adelakun, appeals his jury-trial conviction for unlawful procurement of citizenship, in violation of 18 U.S.C. § 1425(b).

Odelakon argues, for the first time on appeal, that the Government constructively amended his indictment by introducing facts at trial that were not presented to the grand jury and that were not alleged in the indictment. In particular, he takes issue with the testimony of Officer Saldivar and his introduction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

into evidence of a set of fingerprints Saldivar had recently taken from Okelakon. He contends that, instead of being tried for falsifying information on his citizenship application, he was tried for fraud.

"Where a claim of constructive amendment is raised for the first time on appeal, review is for plain error." United States v. Bieganowski, 313 F.3d 264, 287 (5th Cir. 2002).

There was no constructive amendment of the indictment in this case. The indictment charged that Odelakon had obtained citizenship by knowingly providing false information in his citizenship application, aware that the truth would render him ineligible for citizenship. Saldivar compared fingerprints from Okelakon's A26 386 119 file and his A70 524 550 file. He testified that the prints matched. Odelakon gives no explanation how Saldivar's identification of the fingerprints, which showed that Odelakon's challenged statements were belied by his immigration records, constitutes evidence of fraud rather than false statement. See United States v. Millet, 123 F.3d 268, 272 (5th Cir. 1997). The evidence, in fact, was necessary to show that the challenged statements were false. Accordingly, this claim is meritless.

Asserting alternative legal theories, Odelakon contends that his instant convictions violate the Double Jeopardy Clause because (1) he previously was prosecuted for the instant offenses in 1998; and (2) they were used as evidence to secure his 1998

convictions for conspiracy to commit bank fraud, possession of counterfeit securities, and aiding and abetting the possession of counterfeit securities, were listed in the PSR for the 1998 convictions, and were considered in assessing his punishment.

This court reviews a claim that a conviction violates the Double Jeopardy Clause de novo. United States v. Cihak, 137 F.3d 252, 257 (5th Cir. 1998).

To prove a § 1425(b) offense, the Government must show beyond a reasonable doubt: "(1) the defendant . . . obtained . . . naturalization or citizenship; (2) the defendant is not entitled naturalization or citizenship; and (3) the defendant knows that he or she is not entitled to naturalization or citizenship." United States v. Moses, 94 F.3d 182, 184 (5th Cir. 1996). Odelakon's 1998 convictions were for conspiracy to commit bank fraud, possession of counterfeit securities, and aiding and abetting the possession of counterfeit securities. The offense of conspiracy to commit bank fraud requires a showing that Odelakon agreed with others to place a financial institution at risk of civil liability or financial loss and that the bank was insured by the Federal Deposit Insurance Corporation. United States v. McCauley, 253 F.3d 815, 820 (5th Cir. 2001); 18 U.S.C. § 1344. To prove possession of counterfeit securities, the Government must show that the defendant made, uttered, or possessed a counterfeited or forged security of a State or organization, with intent to deceive another person,

organization, or government. 18 U.S.C. § 513(a). Bank fraud and possession of counterfeit securities each require additional elements of proof not required to establish unlawful procurement of citizenship. See United States v. Delgado, 256 F.3d 264, 272 (5th Cir. 2001). As such, Odelakon cannot show that he has been previously prosecuted for unlawful procurement of citizenship. As for his argument that evidence underlying the instant offenses was used to secure his 1998 guilty-plea conviction, was mentioned in the PSR for his prior offenses, or was used to enhance his prior sentence, the Fifth Amendment "does not bar admission of the same evidence." United States v. Morris, 46 F.3d 410, 420 (5th Cir. 1995).

Odelakon's assertion that his convictions are the result of prosecutorial misconduct are vague and conclusory. He has failed to identify, in the record, any evidence that supports his claim and he has failed to brief the issue raised. Accordingly, the issues are deemed waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993) (issues must be briefed, even by prisoners proceeding pro se, to be preserved on appeal).

Odelakon argues that the district court erred by failing to follow the proper procedure for revoking his citizenship pursuant to 8 U.S.C. § 1451(e). His argument focuses on the court's failure to comply with the various procedural requirements of denaturalization procedures such as those set out in 8 U.S.C. § 1451(a) and (b) and 8 C.F.R. 340.1-.8.

Section 1451(e) provides that, upon a conviction under 18 U.S.C. § 1425 for knowingly procuring naturalization in violation of law,

> the court in which such conviction is had shall thereupon revoke, set aside, and declare void the final order admitting such person to citizenship, and shall declare the certificate of naturalization of such person to be canceled. Jurisdiction is conferred on the courts having jurisdiction of the trial of such offense to make such adjudication.

8 U.S.C. § 1451(e). The trial court has no discretion in applying the statute. See Moses, 94 F.3d at 187-88. Section 1451(e) has none of the requirements set out in §§ 1451(a) and (b). Odelakon's reference to 8 C.F.R. 340.1 is unavailing; those sections refer to the procedures set out in § 340(h) of the Immigration and Naturalization Act, which is codified at 8 U.S.C. § 1451(h). As Odelakon's procedural arguments are irrelevant to the revocation of his citizenship under § 1451(e), this issue is meritless. Accordingly, the judgment of the district court is AFFIRMED.

Odelakon's motion for reconsideration of our denial of his request to unseal documents related to his 1998 conviction is DENIED.